**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2562
_____

NORMAN MORSE, ADMINISTRATOR OF THE ESTATE OF NANCY MORSE, on
behalf of himself and all others similarly situated

Norman Morse,
Appellant

v.

PAULA G. KAPLAN; SARA A. YOUNER;
JOHN DOES 1-25

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.N.J. No. 2-10-cv-06408)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2012
_____

Before: VANASKIE, BARRY and CUDAHY,[*] Circuit Judges

(Opinion Filed: June 11, 2012 )
_____

OPINION

_____

[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of
Appeals for the Seventh Circuit, sitting by designation.

1

_____

CUDAHY, <u>Circuit Judge</u>

This case concerns the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. The Act requires debt collectors to disclose certain facts to debtors. Since the debt-collection letters at issue in this case are neither false nor misleading, we will affirm.

**I.**

Nancy Morse received medical care at JFK Johnson Rehabilitation Institute (JFK) in May of 2009 and again in August through September of 2009. Medicare paid for 80% of the balance due to JFK, while Morse was to pay the remainder of approximately $6,200. Morse did not pay this balance.

JFK sent two letters to Morse advising her that her balances for her May and August-September treatments were overdue. After receiving no response from Morse, JFK referred the matter to its attorney, Paula G. Kaplan, for collection.

Kaplan sent a collection letter with the heading "Re: JFK JRI/Nancy Morse – Demand for Payment" for the May balance, which stated in part that:

> "If any portion of this claim is disputed, you are to notify me within 30 days of your receipt of this notice . . . . If within that time you do indicate a dispute in writing, I shall provide you with the evidence supporting the validity of the debt. The debt will be assumed valid if you do not respond within 30 days."

A substantially similar letter was later mailed for the August-September balance.

Norman Morse, administrator of Nancy Morse's estate, filed suit against Kaplan

2

and Sara Youner,[1] alleging that the letters were misleading and violate §§ 1692g(a)(3), (5), and 1692e(10). The district court granted summary judgment for Kaplan. Morse appeals.

## I.

The FDCPA requires that collection letters must present certain information in a non-confusing manner.  The FDCPA is a remedial statute, *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002), that must be interpreted broadly. *See Stroh v. Director, OWCP*, 810 F.2d 61, 63 (3d Cir. 1987). Courts apply the least sophisticated debtor standard when assessing if a debt collection letter is misleading or otherwise improper. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Applying this standard to Kaplan's letter, we affirm the district court's grant of summary judgment.

Section 1692(a)(3) mandates that collectors provide notice that the debtor has "thirty days after receipt of the notice" to "dispute the validity of the debt."  In this case, the letter clearly tracked the requirements of the FDCPA – informing Morse that within 30 days of her receipt of the notice, if Morse disputed the debt in writing, Kaplan would provide evidence, and if Morse did not respond within 30 days, the debt would be assumed valid.

Morse contends that the least sophisticated debtor would not understand whether the

---

[1]     Youner did not draft the collection letters and Morse does not allege that Youner sent the letter, so she should be dismissed from this action. However, this is unimportant since the entirety of Morse's action fails.

dispute of validity would be acceptable thirty days within the date of the letter or thirty days within the receipt of the letter. As the letter specifically mentions receipt, Morse's argument is meritless. Morse also argues that it is unclear who would assume the debt is valid after 30 days. Because Kaplan signed the letter and used the first person "I shall" throughout, this argument has no merit.

Morse argues that Kaplan violated §1692g(a)(5), which requires that the letter inform the debtor that the debt collector will provide the debtor with the name and address of the original creditor, if different from the current creditor. Kaplan's letter does not have this language. However, Kaplan was collecting the debt for JFK, the original creditor, so inclusion of such language would be confusing. It would make little sense to differentiate between the original and current creditor in this case as they are the same entity. Because Kaplan was collecting on behalf of the original creditor, Morse's argument that Kaplan violated §1692(a)(5) is meritless.

Lastly, Morse alleges that due to the above alleged violations, Kaplan's letter was false and misleading, in violation of §1692e(10). However, as we have explained above, there are no violations and no part of the letter was misleading, so this argument must also fail.

For the foregoing reasons, we AFFIRM the judgment of the district court.

4